MARTIN, Circuit Judge,
dissenting.
I join Judge KETHLEDGE in his dissent. I write separately only to express my personal views on this case. I disagree with the majority’s characterization of this case as one about the application of Michigan’s rape-shield statute. I believe this case is instead about the standards for admission of evidence.
The Michigan rape-shield statute is an important mechanism by which Michigan protects victims of sexual assault. The question before us today, however, is not whether the statute presents a legitimate state interest, which I believe it does. Michigan’s interest in protecting victims of sexual assault is not at issue here. The issue is instead purely evidentiary: whether an individual has met his evidentiary burden.
In a rape case, adult individuals should be allowed to introduce evidence of past relevant behavior going towards whether the sexual act in question was consensual. The language of Michigan’s rape-shield statute does not bar the admission of Lewis Gagne’s proposed evidence of past similar consensual conduct involving himself, P.C.,[1] and a third individual, and an offer by P.C. to engage in an additional instance of such conduct. I believe the probative value of this evidence outweighed the prejudice, and the exclusion of this evidence violated Gagne’s constitutional rights. I am disappointed in the majority’s decision to frame this evidentiary issue as a protection of Michigan’s rape-shield statute.

. At the request of Judge Griffin, the complainant’s initials have been used in lieu of her full name.